UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANSE T. STARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:14-CV-392-TLS |
| | ) |
| STATE OF INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Chanse T. Starr, a prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson*

1

*v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, the Plaintiff alleges that his constitutional rights were violated when the Defendants kept him incarcerated past his release date. He asks for his 902 days of credit time to be applied to his current term of incarceration, and also seeks money damages in the amount of $300,000. Notably, the Plaintiff admits that he sued the Defendants for these same things in January 2013 in the Allen County Superior Court, Case No. 02D01-1301-CT-3. (Compl. 17, ECF No. 1.) Upon review of an official online docket, the Count finds that the Plaintiff did, in fact, previously bring suit against 17 of the current 23 Defendants. *See* http://mycase.in.gov/CaseDetail.aspx?CaseID= 14402209 (Last visited Feb. 10, 2015.) In December 2013, the Allen County Superior Court granted the defendants' motion for judgment on the pleadings, entered judgment on their behalf, and dismissed the case. *Id.*

The Plaintiff's admission that he previously filed suit based on these same events triggers *res judicata* concerns. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). A narrower preclusion doctrine, referred to as collateral estoppel or issue preclusion, applies to prevent relitigation of issues that were actually resolved in an earlier suit. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*,

553 U.S. 880, 892 (2008).

Because the prior case was litigated in state court, the Court must look to Indiana law to determine whether the present action is barred by res judicata. *See* 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic,* 470 U.S. 373, 380 (1985). Under Indiana law, four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *MicroVote Gen. Corp. v. Ind. Elec. Comm'n,* 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

All four requirements are met here. First, the Allen County Superior Court had jurisdiction over the Plaintiff's prior case. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901 (7th Cir. 2010) ("State courts possess not only the authority but also the duty to enforce federal law."). Second, the Allen County Superior court entered judgment in favor of the defendants, which amounted to a final judgment. *See Adams v. City of Indianapolis*, No. 1:12-cv-01806, 2013 WL 5487897 *4 (Sept. 30, 2013 S.D. Ind.), *aff'd by Adams*, 742 F.3d 720 (7th Cir. 2014) (noting that the granting of a motion for judgment on the pleadings is a final judgment for *res judicata* purposes.) Third, as the Plaintiff's Complaint makes clear, the prior case involved the same issues that are presented in this case. Finally, while the Plaintiff's state court complaint named 17 of the 23 named defendants in this case, preclusion can also apply to the defendants that were not named in the state case if they are in privity. *MicroVote Gen.,* 924 N.E.2d at 191. Here, all 23 defendants—comprised of governments and government officials—are in privity for

3

purposes of *res judicata*. *Licari v. City of Chi.*, 298 F.3d 664, 667 (7th Cir. 2002) (noting that the government and its officers are generally in privity for *res judicata* purposes); *Simonsen v. Chi. Bd. of Educ.*, 115 Fed. Appx. 887, 890 (7th Cir. 2004). In addition, as the current claims have already been decided against the Plaintiff, issue preclusion bars the re-litigation of these claims. *Charles Koen & Assocs. v. City of Cairo*, 909 F.2d 992, 999–1000 (7th Cir. 1990). Accordingly, the Plaintiff's complaint does not plausibly state a claim, as required under section 1915A, because his claims are barred by *res judicata*. Although *res judicata* is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

Although the Plaintiff's current complaint does not plausibly state a claim, it is not possible to definitively say that he could not do so. He may be able to raise claims that are not barred by *res judicata* or in some way explain why his claims should not be barred by *res judicata*. Accordingly, the Court will grant the Plaintiff leave to file an amended complaint if he believes that he can present the facts necessary to state a claim that would not be barred by *res judicata*. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In his amended complaint, the Plaintiff needs to explain his past litigation and current claims in sufficient detail to address the deficiencies raised in this Opinion and Order. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the Court:

(1) **DIRECTS** the Clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send it to Chanse T. Starr;

(2) **GRANTS** Chanse T. Starr to and including May 8, 2015, to file an amended complaint; and

(3) **CAUTIONS** Chanse T. Starr that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current amended complaint does not state a claim for which relief can be granted.

SO ORDERED on April 6, 2015.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT