UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHANSE T. STARR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 1:14-CV-392-TLS |
|  | ) |  |
| STATE OF INDIANA, *et al.* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Chanse T. Starr, a prisoner proceeding pro se, filed an amended complaint under 42 U.S.C. § 1983 [ECF No.11]. Starr's original complaint alleged his constitutional rights were violated when the defendants kept him incarcerated past his release date. Because Starr admitted that he previously sued for those same things in state court, the complaint was dismissed on the basis of *res judicata*. However, the Court found that while his complaint did not state a claim, Starr may be able to raise claims that are not barred by *res judicata* or somehow explain why his claims should not be barred by that doctrine. Starr was granted leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Starr filed an amended pleading [ECF No. 11].

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

First, just as he did in his original complaint, Starr alleges in his amended complaint that his constitutional rights were violated when the Defendants kept him incarcerated past his release date. (Compl. at 8–19, ECF No. 11.) Again, Starr admits that he has previously sued for these same things in January 2013 in the Allen County Superior Court, Case No. 02D01-1301-CT-3. (*Id.* at 20.) Although he was given an opportunity, Starr has not explained, or attempted to explain, how these claims are not barred by *res judicata*. Thus, it is not plausible to find that these allegations state a claim for which relief can be granted. For the reasons more fully set out in the court's April 6, 2015, Opinion and Order [ECF No. 8], these claims are barred by *res judicata*.

Moreover, to the extent Starr is attempting to have his sentence invalidated or otherwise obtain release from prison, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement).

Next, Starr brings a property loss claim. Starr alleges that he was arrested in October 2011 at the Regency Inn in Fort Wayne, Indiana. During his arrest, Allen County officers confiscated a number of items from his possession and from his vehicle. While his criminal charges were pending, the deputy prosecutor said there was no need to hold onto that property any longer; however, Officer Larry Richardson from the Fort Wayne Police Department refused to return any of it to Starr. To date, none of Starr's seized property has been returned.

As a preliminary matter, Starr does not name Larry Richardson as a Defendant in this case. Nor is it entirely clear which defendant Starr is suing regarding this claim. However, even if Starr named the defendant who was personally responsible for his property loss, he would have to pursue state remedies. Although the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Id. at* 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Accordingly, the property loss

claim will be dismissed without prejudice.

    For these reasons, the Court dismisses this case pursuant to 28 U.S.C. § 1915A.

    SO ORDERED on June 29, 2015.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION